## JOHN McSHAIN, Inc. v. EAGLE INDEMNITY CO.

### Civ. A. No. 2756.

United States District Court
E. D. Pennsylvania.

June 25, 1948.

418

Edward J. Mingey, of Philadelphia, Pa., for plaintiff.

Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The plaintiff was general contractor for a housing project in Baltimore and one, Shipp, was subcontractor for the preliminary demolition work. The plaintiff's contract with Shipp required the latter to furnish a completion bond. Shipp executed such a bond and the defendant executed it as surety. It was sent to the plaintiff but the plaintiff returned it to the defendant pointing out some minor and immaterial errors and, in addition, requesting that a new term, waiving notice to the surety of possible changes in the subcontract, be inserted. The defendant then wrote the plaintiff advising the latter that the defendant would not agree to the proposed new term but that it had rewritten the bond correcting the errors noted and that as soon as Shipp had executed the new bond the defendant would send it to the plaintiff. The rewritten bond was never sent, Shipp defaulted and the plaintiff brought an equity action in the Circuit Court of Baltimore City alleging substantially the above facts and praying for the redelivery of either the original or corrected bond and a money judgment in its favor. The defendant demurred. The opinion of the Circuit Court goes fully into the merits of the action, carefully considers whether or not a surety contract was entered into and concludes that there was no contract on which the plaintiff could recover. At the end of the opinion the judge added a single sentence to the effect that the plaintiff had an adequate remedy at law. The Court sustained the demurrer "for the reasons above stated."

An appeal was then taken to the Court of Appeals of Maryland and that court af-firmed. 180 Md. 202, 23 A.2d 669. Its opinion contains an elaborate analysis of the facts and the law applicable to them and concludes that there had never been any meeting of minds between the plaintiff and the defendant and that the plaintiff had no cause of action against the defendant on the bond. The Court of Appeals made no reference to the existence of an adequate remedy at law as a ground for its action but based its affirmance entirely upon the merits.

In the present action, which arises from the same transaction, the complaint alleges that the defendant agreed with Shipp that it would furnish to the plaintiff a bond "in the penal sum of $15,000.00, conditioned for the faithful performance by the said Shipp of the terms and provisions of the said sub-contract, and to indemnify plaintiff against and to save and keep it harmless from any loss or damage by reason of the failure or default of the said Shipp in the complete performance of the work comprehended in his said agreement with the plaintiff." (Paragraphs 6 and 5) and then sets forth the facts as to the tender and return of the bond and Shipp's default, substantially as in the first suit. The defendant has moved for summary judgment upon the single ground of res judicata, a certified copy of the record of the Maryland case being the only evidence before this Court.

■ "As a general rule a party unsuccessful in one action may maintain a new suit on a new and more correct theory as to the legal effect of the same state of facts, but there must be some essential difference in the two causes of action set up and if the gist of both actions is the same the former judgment will operate as a bar." 50 C.J.S., Judgments, § 649. See also, Restatement, Judgments, Sec. 65 g, h, and j and illustration 8. It seems quite clear that the present action, although involving the same facts as the former one, is brought upon a new theory and that there is an essential difference in the two causes of action.

■ The first suit was upon an alleged contract between the defendant and the plaintiff, the terms of which were con-

tained in the bond. The Maryland Court held that no such contract existed. The present suit is based upon a contract between the defendant and Shipp, the plaintiff suing as third-party beneficiary. On the present theory, the plaintiff does not need to establish that the defendant made any contract with it but may concede that it did not—which was the point adjudicated in the former suit.

Judge Bard has heretofore denied a motion to dismiss the complaint for failure to state a cause of action upon which relief can be granted, and that question is not before me on this motion for summary judgment, which is specifically limited to the question of res judicata. Whether or not the plaintiff can prove its case remains to be seen. One question which will arise is, how definite and explicit the terms of the alleged contract between Shipp and the defendant were. Another question will be the effect of the plaintiff's return of the first bond tendered. I am now saying only that the present complaint does not state the cause of action which was adjudicated against the plaintiff in the former suit.

The motion for summary judgment is denied.